```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF GEORGIA
                         COLUMBUS DIVISION
```

ELECTRA ENTERTAINMENT GROUP INC.,  \*
a Delaware Corporation, SONY BMG
MUSIC ENTERTAINMENT, a Delaware    \*
General Partnership, UMG
RECORDINGS, INC., a Delaware       \*
Corporation, BMG MUSIC, a New
York General Partnership, WARNER   \*
BROTHERS RECORDINGS INC, a
Delaware Corporation, and ARISTA   \*
RECORDS LLC, a Delaware Limited
Liability Company                  \*

      Plaintiffs,             \*

vs.                                \*
                            CASE NO. 4:06-CV-115 (CDL)
SARAH MCDOWELL                     \*

      Defendant.              \*

                             \*

### O R D E R

Presently pending before the Court is Plaintiffs' Motion for Summary Judgment (Doc. 10). For the following reasons, Plaintiffs' Motion is granted in part and denied in part.

### BACKGROUND

Plaintiffs filed this claim under the Copyright Act, 17 U.S.C. §§ 101, *et seq.*, seeking damages, a permanent injunction, and costs. Specifically, Plaintiffs claim Defendant Sarah McDowell violated the Copyright Act when she downloaded and distributed, via the internet, copyrighted sound recordings. Plaintiffs ask for the statutory minimum damages allowed under the Copyright Act, $750 per infringement. 17 U.S.C. § 504(c)(1). Although Plaintiffs contend

that Defendant was actively distributing more than one thousand songs when Plaintiffs detected her actions, Plaintiffs are only seeking damages for forty-eight acts of infringement.[1]

Defendant admits that she violated the Copyright Act, but claims that the statutory damages should be reduced because Defendant is an innocent infringer. Under the innocent infringer provision, the damages may be reduced to $200 per act of infringement. 17 U.S.C. § 504(c)(2). Defendant asks for a jury trial on the issue of her innocent infringement.

## DISCUSSION

### I. Summary Judgment Standard

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). This burden can be met by showing that the non-moving party will be unable to "establish the existence of an element essential to [the non-moving]

---

[1] Plaintiffs have attached to their Motion for Summary Judgment a list of sound recordings that Defendant allegedly downloaded. (*See* Pls.' Mot. for Summ. J. Excerpt 1.) Defendant claims that she did not download seventeen of the listed songs. (Def.'s Dep. 60:9-63:8, Apr. 17, 2006.) Plaintiffs are not seeking to recover damages for the songs Defendant denied downloading.

party's case, and on which [the non-moving] party will bear the burden of proof at trial." *Id.* at 322.

Once the moving party has met its burden, the burden shifts to the non-moving party to show that there *is* a genuine issue of material fact. *Id.* at 324. A fact is material if it "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). There is a genuine issue if the evidence would allow a reasonable jury to find for the non-moving party. *Id.* In other words, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

## II. Innocent Infringer under the Copyright Act

The Copyright Act allows an "aggrieved party to elect either actual or statutory damages." *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 850 (11th Cir. 1990) (citation omitted). Statutory damages for each infringement can be awarded "in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). However,

> [i]n a case where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200.

17 U.S.C. § 504(c)(2). This provision allows for the reduction of damages against an "innocent infringer."

3

Pursuant to 17 U.S.C. § 504(c)(2), "[t]he burden is on the defendants to establish that any infringement was innocent." *D.C. Comics Inc. v. Mini Gift Shop*, 912 F.2d 29, 35 (2d Cir. 1990). "[I]t is not sufficient for a defendant merely to claim such innocence, and then rely upon the plaintiff's failure to disprove the claim." *Id.* (quotation marks and citation omitted). In making a determination as to whether a defendant is an innocent infringer, the factfinder must look "into the defendant's state of mind to determine whether he or she was not aware and had no reason to believe that his or her acts constituted an infringement." *Id.* (citation and internal quotation marks omitted). The factfinder can consider "[t]he level of sophistication of the defendant" in determining whether the defendant is an innocent infringer. *Id.* at 35-36.

Section 402(d) of the Copyright Act limits the application of the innocent infringer provision. Where

> a notice of copyright in the form and position specified by [17 U.S.C. § 402] appears on the published phonorecord or phonorecords to which a defendant in a copyright infringement suit had access, then no weight shall be given to such a defendant's interposition of a defense based on innocent infringement in mitigation of actual or statutory damages, except as provided in the last sentence of section 504(c)(2).

17 U.S.C. § 402(d). Therefore, a defendant who violated a copyright by downloading data to a computer would not be an innocent infringer if he or she had "'access' to records and compact disks bearing the proper [copyright] notice." *BMG Music v. Gonzalez*, 430 F.3d 888, 892 (7th Cir. 2005).

4

Here, Defendant claims she has created a question of fact as to whether she is an innocent infringer, and therefore she is entitled to a jury trial on the issue. Plaintiffs respond that Defendant "had access to proper copyright notice at any location sound recordings are sold," and consequently Defendant cannot be an innocent infringer. (Pls.' Reply in Supp. of Pls.' Mot. for Summ. J. 3.) First, the Court finds that there is a question of fact as to whether Defendant, as a thirteen or fourteen year old child at the time of the infringement, was aware or had reason to believe that her acts constituted an infringement of a copyright. Second, assuming that Defendant was an innocent infringer, there is a question of fact as to whether Defendant had access to the notice of copyright such that her innocent infringer defense has no mitigating effect.[2] Defendant is therefore entitled to a jury trial to determine the proper amount of statutory damages under 17 U.S.C. § 504(c)(2). *See Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 353 (1998) ("The right to a jury trial includes the right to have a jury determine the *amount* of statutory damages, if any, awarded to the copyright owner." (emphasis in

---

[2]Plaintiffs contend that Defendant had access to the copyrights because she has, in the past, bought compact disks from a retail store. (*See* Def.'s Dep. 20:5-10.) Plaintiffs' argument is flawed because it ignores the fact that, *at the time of her deposition*, Defendant had just bought a compact disk from a retail store. (*Id.*) Defendant did not state whether she regularly purchased compact disks from retail stores at the time she infringed upon Plaintiffs' copyrights. In fact, Defendant was only thirteen or fourteen at the time of the infringement. Additionally, Defendant declared that at the time of the copyright infringement, any compact disk she may have owned would have been bought for her by her mother. (Def.'s Decl. ¶ 2, Aug. 1, 2007.) There is therefore a question of fact as to whether Defendant "had access" to the notice of copyright.

5

original)); *Gonzalez*, 430 F.3d at 891 ("[C]ases under § 504(c) are normal civil actions subject to the normal allocation of functions between judge and jury. When there is a material dispute of fact to be resolved or discretion to be exercised in selecting a financial award, then either side is entitled to a jury[.]")

## III. Permanent Injunction

Plaintiffs also seek a permanent injunction to prevent Defendant from further copyright infringement. The Court has discretion to grant an injunction "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). An injunction is appropriate in this case given Defendant's multiple violations of the Copyright Act. Consequently, Plaintiffs' Motion is granted as to their claim for injunctive relief. Defendant is hereby enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs or any parent, subsidiary, or affiliate record label of Plaintiffs ("Plaintiffs' Recordings"), including without limitation by using the internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Also, Defendant shall destroy all copies of Plaintiffs' Recordings

that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

**IV. Costs**

Finally, Plaintiffs request costs in the amount of $350. Section 505 of the Copyright Act provides that a court, in its discretion, may award costs. 17 U.S.C. § 505. The Court defers ruling on this issue until there is a determination as to whether Defendant innocently infringed upon Plaintiffs' copyrights. Therefore, Plaintiffs' Motion is denied as to their claim for costs.

## CONCLUSION

Plaintiffs' Motion for Summary Judgment (Doc. 10) is granted as to Plaintiffs' claim for injunctive relief and denied as to Plaintiffs' claims for damages and costs.

IT IS SO ORDERED, this 6th day of November, 2007.

S/Clay D. Land<br>
CLAY D. LAND<br>
UNITED STATES DISTRICT JUDGE